Original

FEE DUE

| | |
|---|---|
| Damari William Singleton<br>NAME<br><br>Registration No: 23957-111<br>PRISON IDENTIFICATION/BOOKING NO.<br><br>(U.S. Penitentiary Victorville) P.O. Box 3900, Adelanto, CA 92301<br>ADDRESS OR PLACE OF CONFINEMENT | FILED<br>CLERK, U.S. DISTRICT COURT<br><br>JAN 19 2024<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

Note:    If represented by an attorney, provide name, address & telephone number. *It is your responsibility to notify the Clerk of Court in writing of any change of address.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Damari William Singleton
FULL NAME (Include name under which you were convicted)

                                        Petitioner,

                    v.

United States Penitentiary Victorville Warden
NAME OF WARDEN, (or other authorized person having custody of petitioner)

                                        Respondent.

CASE NUMBER:

CV 5:24-cv-00153-SB-PVC
To be supplied by the Clerk of the United States District Court

CR 5:16-CR-00518-BLF
Criminal case under which sentence was imposed.

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)**

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by *the petitioner, under penalty* of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of *a material fact* may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No. 9.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*Original*

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction.
2. ☐ a sentence.
3. ☑ jail or prison conditions.
4. ☐ prison discipline.
5. ☐ a parole problem.
6. ☐ other.
7. ☑ fact of Confinement.

## PETITION

1. Place of detention _United States Penitentiary Victorville._

2. Name and location of court which imposed sentence _U.S. District Court of Northern California_

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a. _5:16-CR-00518-BLF.  18USC 1591_
   b. _____
   c. _____

4. The date upon which sentence was imposed and the terms of the sentence:
   a. _September-26-2023_
   b. _____
   c. _____

5. Check whether a finding of guilty was made:
   a. ☑ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury
   b. ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of sentence?  ☐ Yes   ☑ No

8. If you did appeal, give the following information for each appeal:

   CAUTION:  *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. §2255 in the federal court which entered the judgment.*

   a. (1) Name of court _____
      (2) Result _____
      (3) Date of result _____
      (4) Citation or number of opinion _____

(5) Grounds raised (*list each*):

    (a) _____

    (b) _____

    (c) _____

    (d) _____

b.  (1) Name of court _____

    (2) Result _____

    (3) Date of result _____

    (4) Citation or number of opinion _____

    (5) Grounds raised (*list each*):

    (a) _____

    (b) _____

    (c) _____

    (d) _____

9.  State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

    **CAUTION**: *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time and place.*

a.  Ground one: The BOP failed to adequately consider my criminal history, which ran contrary to, and/or, exceeded it's statutory authority in 18 USC 3621(b)(3).

    Supporting FACTS (tell your story BRIEFLY without citing cases or law): At my resentencing hearing on September-26-2023, my sentencing criminal history score was reduce to four points from eight points. They failed to edit my BOP custody classification in accordance to my new criminal history score hence the BOP did not adequately consider my criminal history before sending me back to USP Victorville. The BOP also failed to treat my Santa Clara convictions as part of my current federal confinement as mandated by policy. See 2241 Habeas Petition Supplemental for more detail.

b.  Ground two: My confinement at USP Victorville creates a substantial risk of harm to my mental health and safety in violation of the 8th Amendment and 18 USC 3621(b)(2)(3)

    Supporting FACTS (tell your story BRIEFLY without citing cases or law): Due to the fact that I am actually a low security scored classified prisoner and an identified sex offender, maximum security USP Victorville creates a substantial risk of harms. See 2241 Habeas Petition Supplemental For More Details.

_____

_____

c. Ground three: The misclassification of my Santa Clara County sentences/convictions violates 18 USC 3584(c), BOP policy statement #5100-08, and the U.S. Constitution.

Supporting FACTS (tell your story BRIEFLY without citing cases or law): The BOP failed to treat my Santa Clara sentences as a single, aggregate term of imprisonment to my federal term of confinement by giving me thirteen additional "history points" for those convictions/sentences. See 2241 Habeas Petition Supplemental for more details.

d. Ground four: The BOP failed to give me prior custody credit starting from 12-16-2016 to my Santa Clara CDCR sentence fulfillment date, which violated 18 USC 3585(b)/due process.

Supporting FACTS (tell your story BRIEFLY without citing cases or law): In administrate remedies request id's No: 118053, the BOP has made it clear that it will only give me prior custody credit starting from the day of my CDCR sentence fulfillment date. See Habeas 2241 Supplemental For More Details.

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction? ☑ Yes ☐ No

11. If your answer to Question No. 10 was yes, give the following information:

a. (1) Name of Court U.S. District Court of Northern California.

(2) Nature of proceeding 28 USC 2255

(3) Grounds raised Ineffective Assistance of Counsel.

(4) Result Sentence Vacated, resentencing ordered.

(5) Date of result February-1-2023

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

United States v. Singleton Lexis 17266; and ECF 182.

Original

b. (1) Name of Court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   (4) Result _____

   (5) Date of result _____

   (6) Citation or number of any written opinions or orders entered pursuant to each disposition.

   _____

   _____

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

   Review of the execution of a federal sentence is properly brought as a petition under 28 USC 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (pre-sentence time credit claim); See also Hernandez v. Campbell, 204 F.3d 861 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court.")

13. Are you presently represented by counsel? ☐ Yes  ☒ No

   If so, provide name, address and telephone number _____

   _____

   Case name and court _____

   _____

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information? ☒ Yes  ☐ No

   WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

   _____

   *Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  1-15 2024                    _____
       *Date*                                                        *Signature of Petitioner*

# 2241TH Habeas Petition Supplemental

United States District Court
Central District of California.

1)
2)
3)
4)
5) Damari W. Singleton #23957-111
6) P.O. Box 3900
7) Adelanto, CA 92301
8)     Plaintiff,
9)           v.
10) Warden - Mr. Trate - USP Victorville Warden; BOP.
11)     Respondent.

CASE NUMBERS

C.V.: To Be Supplied By Court

CR: 5:16-CR-00518-BLF

12)
13) |Jurisdiction|-: "Though 3621^(b) strips the court of jurisdiction to consider a
14) prisoners individual BOP classification designation, it does not preclude review of
15) all challenges that might implicate individual designation; see Mcnary v. Hatian Refugee
16) Ctr., Inc; 498 U.S. 479, 492, 111 S. Ct. 323, 38 L. Ed. 149 (1984) - quoting Ahmad v. Jacquez 860-
17) Fed. Appx. 459 (9th cir. 2021).
18) "The district court has jurisdiction to consider claims that the Bureau of Prisons
19) exceeded its statutory authority, violated the Constitution, or acted contrary to
20) established federal law when acting pursuant to 18 USC 3621"; quoting Rodriguez v.-
21) Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016)
22)
23) |Exhaustion of Administrative Remedies|-: Completely Exhausted with futility
24) and exigent circumstances. See Exhibit _G_". Waiver of the exhaustion requirement
25) may be appropriate include situations where the pursuit of judicial remedies is futile
26) or irreparable harm would result"; quoting Laing v. Ashcroft, 370 F.3d 994 1000-01 (9th cir. 20
27)

1) **a. Ground one:**          ~(Background)~
2) On September-11-2019, the petitioner was initially sentenced to a
3) Bureau of Prison (BOP) term of 210 months; see ECF 102. Then on
4) May-5-2021 I arrived at USP Victorville as a new commitment. Since the
5) beginning of my arrival to USP Victorville, I filed a barrage of administrative
6) remedies and emergency notices asserting that I was misclassified to
7) USP Victorville; see EXHIBIT __G__. Exhibit __G__ proves that I completely
8) exhausted my BOP administrative remedies in regards to my Santa Clara County
9) sentences/convictions. Following on February-1-2023, my 210 month BOP
10) term of imprisonment was vacated and I was resentenced to a term of 168
11) months — with only four criminal history points — placing me in category
12) three. See ECF 197 and 198. Lastly, on 11-16-2023, I was returned back to
13) USP Victorville under my initial registration number and Male Custody Classification
14) accumulation Form. My BOP custody classification has not changed reflecting my
15) new criminal history score, nor has it changed reflecting BOP policy statement
16) #5100.08 - entitled section: "Security Designation Procedures For New Commitments -
17) paragraph (f). See my current BOP Male Custody Classification Form for proof of
18) that in Exhibit __I__. I have not been reclassified since my initial BOP custody
19) classification accumulation.  ⓘ Also see ECF 182.

20)
21) **Introduction:**          ~(18 USC 3621 b,3)~
22) The classification of prisoners is a very issue similar to the classification of
23) zoo animals. For example, a zoo keeper would not house a bunny rabbit in
24) the same cage as a tiger or bear because the "history and characteristics" of
25) these animals are not compatible enough for cohabitation. This is one major reason
26) why Congress unambiguously set forth five factors in 18 USC 3621(b) for the BOP
27) to consider when it's confinement classification designations are made. "The statute

1) not only provides discretion to the BOP for placement, but provides a specific
2) list of five factors the BOP must consider (prior) to placement. Further, the
3) legislative history supports the finding that consideration of the five factors
4) are mandatory, although non exclusive; quoting Esqueda v. Wrigley Lexis 26499
5) (9th Cir. 2007). The five factors are as follows: 1)-the resources of the facility
6) contemplated; 2)-the nature and circumstances of the offense; 3)-the
7) history and characteristics of the prisoner; 4)-any statement made by the
8) court that imposed the sentence; and 5)-any pertinent policy statement issued
9) by the sentencing commission pursuant to section 994(a)(2) of Title 28. Factors
10) (2) and (3) require specific analysis to each individual prisoner. BOP policy
11) Statement #5100-08 sets forth the full and entire exercise of custody
12) classification designation procedures. Therefore, BOP policy statement #5100-08 is
13) the procedural formula of the custody classification designation discretion granted
14) in 18 USC 3621(b). The BOP has four main levels of imprisonment institutions with
15) security score requirements as follows: 0 to 12 points = minimum security institution;
16) 12 to 15 points = low security institution; 16 to 23 points = medium security institution;
17) 24 points or more = high security institution; see EXHIBIT H.
18)
19) +Arguement+
20) As my administrative remedy id# 118053-R1 "BP10" makes clear, my BOP custody
21) classification criminal history score was derived straight from my PSR; see Exhibits
22) G and H. However, "Security Designation Procedures For New Commitments
23) paragraph (f)" of BOP policy statement #5100-08 substantiates; that no history
24) points should have been given for my Santa Clara convictions because they are considered
25) to be a part of my current term of confinement. See Exhibit H. More relevant,
26) my current PSR has been ammended showing that my criminal history score is reduced
27) to "four points"; see ECF 197 and 198. In error, My Male Custody Classification Form

1) still incorrectly shows my criminal score to be at (8) points. Upon my
2) re-sentencing hearing in which I was housed out of BOP custody in Dublin, CA,
3) the BOP failed to reclassify me in accordance to my new ammended PSR.
4) As another 18 USC 3621(b)(3) violation example, my Sacramento False Identification
5) conviction was deemed by the court to be a part of my federal offense.
6) Erroneously, my current classification form still shows that conviction was
7) accumulated into my criminal "history" section — instead as being a circumstance
8) of my offense, 18 USC 3621(b)(2). By failing to follow their own aforementioned
9) specific policy in #5100.08, and failing to reclassify me in accordance with
10) my new sentencing criminal history score — it is overly clear that the BOP did
11) not adequately consider 18 USC 3621(b)(3) before designating me back to USP
12) Victorville. My Male Custody Classification Form currently shows that I have
13) (26) classification security points. By just configuring my security points to
14) reflect the courts new criminal history score of me, would reduce my BOP
15) custody classification security points total to (22). Tweenty-two points places
16) me at a medium security institution level. Nevertheless, and again, if the
17) BOP were to also configure my criminal history points in accordance to
18) policy statement #5100.08 — I would not have received any history points
19) whatsoever for any of my Santa Clara County convictions. That configuration
20) would further drop my total BOP security score to (12) — a low security points
21) institution level. Due to the fact that I am an identified sex offender and
22) that the aforementioned classification errors resulted to me being unlawfully
23) confined at a penitentiary which creates a substantial risk of harm to my
24) safety; a preliminary injunction is merited and the exhaustion requirement
25) should be waived. In spite of that, the petitioner still initiated administrativ
26) remedy request thereto from B.P-8, B.P-9, and pending B.P-10. See Exhibit G.
27)

**b. Ground two:**                    ~(The 8th Amendment)~

1) "In a suit such as petitioners, insofar as it seeks injunctive relief to prevent
2) a substantial risk of serious injury from ripening to actual harm, the
3) subjective factor, deliberate indifference, should be determined in light of the
4) prison authorities current attitudes and conduct"; quoting Mays v. Birkholz Lexis
5) 231484 (2022). To succeed on an Eighth Amendment claim, the plaintiff must show
6) both objective and subjective deliberate indifference to a substantial risk of harm
7) in his/her confinement. See Farmer v. Brennan, 511 U.S. 825, 838, 114 S.Ct. 1970 128 L.Ed 2d 811 (1994)
8) "The Ninth Circuit has established a four-part test to determine objective
9) deliberate indifference based on exposure to dangerous conditions, as
10) follows: i) the defendant made an intentional decision with respect to the
11) conditions under which the plaintiff was confined; ii) those conditions put
12) the plaintiff at a substantial risk of sufferring serious harm; iii) the defendant
13) did not take reasonable available measures to abate the risk, even though a
14) reasonable official in the circumstance would have appreciated the high
15) degree of risk involved—making the consequence of the defendants conduct
16) obvious; iv) by not taking such measures, the defendant caused plaintiff
17) injuries"; quoting Gordon v. Cty of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). Also,
18) recognizing the Supremes Court finding that a prisoner need not wait until
19) he is actually assaulted before obtaining relief; see Helling v. McKinney 509 U.S. at 33

+|Arguement|+

20) As previously ellaborated, in "Ground One" of this supplement: the BOP failed
21) to adequately consider my criminal history in several ways causing a substantial
22) risk of harm to my safety by misclassifying me to USP Victorville. Under 18 USC 3621(b),
23) the BOP must also consider the "nature and circumstances of the offense"—before
24) a classification designation can be made. I the petitioner stands convicted of a

6 of 14

1) sex trafficking conspiracy enterprise which makes me a sex offender". It is
2) well known that identified sex offenders are subject to attack in prison",
3) quoting Morris v. Yavarri Lexis 139102 (2020); also see Neal, 131 F.3d at 829;
4) Gilbert, 2019 U.S. Dist. Lexis 210917; and Nailing, 2012 U.S. Dist. Lexis 28038. Notably,
5) here are just a few cases that I found that were before the court pertaining
6) to the multitude of attacks against sex offenders at USP Victorville:
7) 1) Mcdaniels v. United States Lexis 157414; 2) Brown v. McGrew Lexis 179276 (2014);
8) and 3) Willis v. Lappin Lexis 149689. Numerous newspapers such as the San Jose
9) Mercury News and Bay Area Newsgroup published extensive articles about me
10) detailing my indictment and sentencing to the public. A simple Google search
11) of "Damari Singleton sex trafficking" discloses the articles and many more
12) web articles regarding my conviction. Furthermore, on Nexus Lexus which is
13) available to all prisoners at every BOP facility- reveals numerous case
14) laws identifying my sex offender status and details of my conviction. See
15) Lexis

16) Lastly, I recently have been confronted about my sex offender status by
17) USP Victorville prisoners to which I had no choice but to confirm. There
18) is no doubt that I, Damari Singleton, has been identified as a sex offender
19) at USP Victorville.

20)

21) [Four-Part Test]-. i)-. The Federal Bureau of Prisons intentionally misclassified
22) me to confinement at USP Victorville because the BOP failed to follow clearly
23) established federal laws and policies thereto. "For example, if an Eighth Amendment
24) plaintiff presents evidence showing that a substantial risk of inmate attack
25) was longstanding, pervasive, and the circumstances suggest that the
26) defendant-official being sued had been exposed to information concerning the
27) risk and thus must have known about it, then such evedince could be

1) sufficient to permit a tier of fact to find the defendant-official had actual
2) knowledge of the risk", quoting Farmer v. Brennan, 511 U.S. at 843. Intent is also
3) proven by the many unequivocal misclassification notices and administrative
4) remedies filed — to which gave the BOP ample opprotunity to correct their
5) unlawful misclassification errors. ii)-: The conditions at USP Victorville creates
6) a substantial risk of harm to my safety because it is well known that
7) identified sex offenders are generally subject to attack in prison. Also,
8) USP Victorville specifically has a great track record for it's inmate
9) assaults against sex offenders. There is no secret throughout the criminal
10) justice system that sex offenders usually require a more protective custody
11) enviroment. The BOP even acknowledges this fact in their policy statement which
12) reveals their creation of Sex Offender Management Program (SOMP)
13) institutions, "which primary goal is to reduce the need to place sexual offenders
14) in protective custody"; quoting BOP policy statement ▬▬▬; See Exhibit J.
15) Even more, the BOP is not authorized to confine a prisoner at any BOP
16) institution without first adequately considering the five seperate factors
17) mandated in 18 USC 3621(b). A strong presumption of a substantial risk exist
18) to misclassified prisoners. BOP classification designation procedures and 18 USC 3621(b)
19) were designed to protect the safety of prisoners and staff by classifying
20) commonly situated inmates in confinement with each other. 18 USC 3632(c)
21) corroborates with the fact that Congress intended— "that prisoners with a
22) similar risk level be grouped together in housing and assignment decisions to
23) the extent practicable"; quoting 18 USC 3632(c). USP Victorville is a high security
24) prison for high security prisoners. I am way lesser than a high security prisoner
25) therefore i'm at risk. Last but not least, I am diagnosed with severe Post
26) Traumatic Stress Disorder and a Major Depressive Disorder. USP Victorville has
27) been causing me severe damage to my mental health. See Exhibit K  an

1) See ECF 196 id at "defendant statement"; and ECF 197 id at "Mental and Emotional Health."

2) 18 USC 3621(b)(3) mandates that the BOP must also consider my characteristics

3) hence - mental disorders - before designating me to an institution.

4) iii)-: During my initial custody intake at USP Victorville, and throughout my

5) confinement here, I repeatedly notified my case managers, the Wardens,

6) my unit managers, and counselor Prieto - that USP Victorvilles enviroment

7) is a substantial risk of harm to my safety due to me being a sex offender

8) and a low security prisoner. See Exhibit K . None of the aforementioned

9) officials do anything to abate the risk even though a reasonable official

10) in the circumstances would have appreciated the high degree of risk involved.

11) A sex offender who is at most a medium security prisoner, misclassified to

12) high security USP Victorville which is known for assaults against this type

13) of offender - made the substantial risk of harm extremely obvious.

14) The BOP made available SOMP institutions, just for offenders like me,

15) but the BOP failed to take this measure even after the many times I

16) requested them to do so. The only available reasonable measure would be

17) to either transfer me to a SOMP institution, or, transfer me to a low

18) security institution to abate the risk; because: "Penitentiares are

19) typically a higher security facility with more troublesome prisoners" - quoting

20) Farmer v. Brennan, 511, U.S. 825, 838, 114 S. Ct. (1994) In finality, My PSR id at

21) "Mental and Emotional" - Health" - has an expansive background highlighting

22) my mental disorders (intentionally) so the BOP would not miss it's seriousness

23) when classifying me. This is why my sentencing judge at sentencing -

24) recommended the BOP to give me mental health treatment. The consequences

25) of misclassifying which inflicted emotiontal trauma upon me was

26) evidently obvious. IV)-: By not taking such measures, BOP officials are

27) causing me severe harm to my mental health as indicated in my emails

1) See Exhibit K___; and corroborated by the details of my mental health
2) diagnosis; see PSR. It is extremely likely that I will be subjected to assault
3) here at USP Victorville for my sex offense. Although i've personally been
4) doing a great job at keeping a low profile in here in the past, it is only a
5) matter of time before I am assaulted. I should not have to wait until
6) that time occurs because that would be cruel; see Helling v. McKinney, 509
7) U.S. 25 at 33; and see Morris v. Yavarri Lexis 139102 (2020)
8)
9) ~(8th Amendment Conclusion)~
10) When reviewing the totality facts of: 1) The BOP failed to adequately consider
11) 18USC 3621(b)(2)(3) before designating me to USP Victorville; 2) USP Victorville
12) environment is intolerably and adversely effecting my mental health;
13) 3) I am an identified sex offender; 4) USP Victorville out of the other
14) seven BOP prisons on the west-coast has the greatest prisoner
15) assaults against sex offenders; — all gave the BOP major inference of
16) the substantial risk to my mental health and future safety.
17) Regardless if whether or not BOP officials were deliberately indifferent,
18) USP Victorville environment is very likely to get me assaulted for my
19) identified sex offender status.
20)
21)
22)
23)
24)
25)
26)
27)

c. Ground three:

1) 18 USC 3584(c) and BOP policy statement #5100.08 Arguement I: In order to
2) State to state a cause of action for deprivation of procedural due
3) process, a plaintiff must first establish the existence of a liberty interest
4) for which the protection is sought. To establish the existence of a liberty
5) interest, a prisoner must show that he has been subjected to an atypical
6) and significant hardship in relationship to the ordinary incidents of prison
7) life. See Sandin v. Conner 115 SCT 2293, 132 LED 2D 418 515054 72. 18 USC 3584(c)
8) coupled with "Security Designation Procedures For New Commitments–paragraph (f)–
9) in BOP policy statement #5100.08, imposes a procedural mandated limitation
10) on custody classification thereby create a protected liberty interest.
11) Secondly, the BOP's failure to follow these two procedural mandates has
12) subjected me to an atypical and significant hardship as expressed in
13) Sandin v. Conner. For example, 18 USC 3621(b)(3) commands the BOP to consider
14) each prisoners criminal "history" before designating them to an institution.
15) This is a very important factor that causes serious atypical effects causing hardship
16) if not adhered to. That is one of the major reasons why Congress mandated a
17) prisoners history to be a mandatory consideration classification factor. To not
18) treat my Santa Clara CDCR sentences as a single aggregate term of imprisonment
19) to my federal term, has given me thirteen additional history points. These
20) thirteen points account for half of my twenty-six (26) security points
21) total — skyrocketing me from a low security institution score, to a maximum
22) security penitentiary. "Penitentiaries–are typically a higher security facility
23) with more troublesome prisoners", quoting Farmer v. Brennan 511, U.S. ████.
24) I am surrounded by prisoners who are extremely different than me in criminal
25) history and character which has been causing me severe emotional distress and
26) hardship – effectively defeating the goal Congress intended in 18 USC 3621(b).
27) BOP policy statement #5100.08–entitled section: "Security Designation

1) Procedures For New Commitments - paragraph (f) - also supports a
2) procedural reduction of those thirteen points by directing the following:
3) "DSCC must determine if there is a break in custody when the inmate
4) is transferring to federal custody after service of a State sentence. If
5) there is no physical release from custody, DSCC staff will consider the
6) State offense as part of the current term of confinement for classification
7) purposes and will not assign any history points for the State offense."
8) I was not physically released into society after service of my Santa Clara
9) CDCR sentences, because I was transferred directly over into federal
10) custody for my current term of confinement being discussed at hand;
11) see ECF 7. Therefore, the BOP failed to follow their own policy procedure
12) by giving me thirteen additional history points for my Santa Clara County
13) convictions. Another related example supporting my classification confinement
14) liberty interest, can be easily understood by examining 18 USC 3632.
15) 18 USC 3632 (a)(1) commands the BOP to: "determine the recidivism risk for
16) each prisoner as part of the intake process, and classify each prisoner as
17) having low, medium, or high risk for recidivism." Understandably, the misclassification
18) of a prisoners criminal convictions can have drastic effects in determining their
19) recidivism risk levels; because - criminal convictions - is synonymously related to recidivism -
20) more than any other factor. Drastically and suspiciously, the BOP misclassified
21) me as "high risk recidivism level" - due to the misaccumulation of my Santa
22) Clara convictions; see Exhibit L___. 18 USC 3632 (5)(A) shows that: "All
23) prisoners at each risk level have a meaningful opportunity to reduce their
24) classification during their period of incarceration." I am at most a
25) "low recidivism risk level" prisoner. To misclassify me as "high recidivism risk level"
26) has subjected to atypical and significant hardship, requiring me to work
27) more than I would otherwise have to - in order to reduce my recidivism level.

~(Procedural Due Process Violations)~

1)  c. & d. Ground's three & four:

2)  Background¯: On December-16-2016, I made my initial appearance in

3)  federal court pursuant to a Writ of Habeas ad Prosequendum¯from my

4)  Santa Clara CDCR custodial sentences; see PSR id at page 3 paragraph 4¯in ECF 197.

5)  In my administrative remedies id#118053, I requested the BOP to treat my

6)  Santa Clara County sentences/convictions as a "single aggregate term of

7)  imprisonment"¯to my federal term of confinement as believed to be authorized in

8)  18USC 3584(c). If the BOP would had granted this request, then I would not have

9)  received any BOP custody classification history points thereto¯resulting to a

10) quantum level change in custody confinement. Not only did the BOP not grant my

11) request, but the BOP also failed to respond to my administrative remedy

12) request unequivocally¯merited by 18USC 3584(c) and BOP policy statement #

13) 5100.08. See Exhibit  G  . Instead I was given ambiguous circuitous responses

14) on every level from B.P.8 to B.P.11. Also in these same administrative remedies

15) id's #118053, I disputed the prior custody credit caculation of my imprisonment

16) which is governed by 18USC 3585(b). Although I only specifically challenged

17) the fulfillment date of my Santa Clara CDCR sentences, the BOP responses

18) thereto indicates that no matter the challenge¯the BOP will only give me

19) prior custody credit from the date my Santa Clara CDCR sentences were

20) deemed fulfilled. Even after my federal resentencing hearing to which my

21) attorney was granted "federal custody" credit language to be amended into

22) the PSR¯as notice of credit starting from December-16-2016, the BOP's

23) position has remained the same as in administrative remedy id's #118053.

24) Therefore, further administrative remedy exhaustion in respect to my

25) 18USC 3585(b) claim is futile.

26)

27)

1) At last, 18USC 3632 (c) corroborates with my aforementioned classification
2) liberty interest by mandating the following: "provide that prisoners with
3) a similar risk level be grouped together in housing. It's very clear in
4) 18USC 3621(b) and 18USC 3632(c) - that Congress intends for prisoners who
5) are similar, are to be housed together for very basic and obvious reasons.
6) I have a liberty interest in statutes and policies that protect me from
7) being confined unduly with incompatible prisoners.
8)
9) ~(Conclusion)~
10) It is undisputably evident that the BOP failed to follow policy statement
11) #5100.08-entitled section: "Security Designation Procedures For New
12) Commitments-paragraph(f)". However, in regards to 18USC 3584(c) - the
13) Court may find that this statue only applies to federal sentences. Nevertheless,
14) there are plenty of cases that shows the court and the BOP using their discretion
15) to apply 18USC 3584(c) to State sentences. More relevant to classification,
16) in Irvin Moreno v Richard B. Ives 842 Fed. Appx Lexis 40228 (2020); the court held that
17) 18USC 3584(c) - "applies to all administrative determinations by the BOP". If the court
18) does claim that 18USC 3584(c) only applies to federal sentences, then that
19) reasoning would be fully applicable to 18USC 3585(b) which is the basis of my
20) following and last, ground, "Ground four".
21)
22) d. Ground four:
23) 18USC 3585(b) Arguement 1: If the court for some strange reason does claim
24) that the language in 18USC 3584(c) only applies to federal sentences, then
25) 18USC 3585(b) only applies to federal sentences also, therefore, I am
26) asserting that claim now. With that being said, the BOP failed to give me
27) prior custody credit starting from the day I entered into federal custody

1) On 12-16-2016 - pursuant to a Writ of Habeas Corpus ad prosequendum.

2) As my administrative remedies makes clear, the BOP only gave me prior

3) custody credit starting from April or July 2018. Even though I was

4) resentenced on September - 26 - 2023, the BOP still maintains their position

5) by only giving me prior custody credit from their fluctuating perceptual

6) sentencing fulfillment date of my Santa Clara CDCR sentences; April or July 2018.

7) I am requesting the court to command the BOP to grant me prior custody credit

8) starting from 12-16-2016, to my supposedly Santa Clara CDCR sentence fulfillment

9) date; because that time was not credited towards any other (federal sentence).

10)

11) |End of Grounds| + |~(Relief Requested)~|= Court ordering the BOP to reclassify

12) and redesignate me in accordance to the laws, policies, and merits of this petition.

13)

14) ! ~(NOTICE)~ !

15) P.S. If the Court never hears back from me any time expected during

16) this petition proceedings, it's because BOP officials have sent me to the Solitary

17) Housing Unit (SHU) in obstructive retaliation for filing this matter of litigation.

18) I am either not receiving the Courts mail or the BOP is intercepting my

19) mail to the court, impedingly. I am only pre-warning you of this as notification

20) because that happened to me before here at USP Victorville; see lines 22 to 27

21) page I of preliminary injunction motion and Exhibit |A| thereto. Upon failure

22) to respond in a timely manner, due to the aforementioned, I request the

23) court to order my presence at a hearing so a response can be made.

24)

25) I declare under penalty of perjury that Exhibit's A          Truthfully,

26) and G to L are certified documents of the BOP and

27) that the foregoing is correct to the best of my knowledge.          Damari W. Singleton

(28 USC 2241 Supplemental)

# EXHIBIT   G

*I filed A similar B.P-8 request to this one with counselor Lopez about 3 weeks to which I still have not received a response thereto.*

*This is your notice that I will be proceeding with a B.P-9 pertaining to the complaint/request listed below already submitted to Lopez 3 weeks ago, but not responded to.*

VIX 1330.18b
September 16, 2015
Page 4

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION

*4-5-22*

**INSTITUTION (CIRCLE ONE) FCI I FCI II (USP) CAMP**

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: *I am complaining about and requesting BOP to consider all of my Santa Clara County convictions as a part of my current term of confinement for sentence execution purposes. If the BOP grants this request, then I will definately receive an earlier release date and lesser security points as an automatic authorized effect.*

2. Efforts you have made to informally resolve: *I have sent numerous cop outs to my case manager regarding this issue throughout the past 2 months, but still have not received any responses yet.*

| Damari Singleton | 23957-111 | 4-5-2022 |
|---|---|---|
| Inmate's Name/Signature | Reg. No. | Date |

**************************************************************************

| FOR STAFF USE ONLY | | | |
|---|---|---|---|
| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |

Steps taken to resolve complaint and conclusion: *No response on this matter.*

| | |
|---|---|
| Counselor Signature | 4.13.22 |
| | Date |

Unit Manager's Comments: _____

_____

| | |
|---|---|
| Unit Manager Signature | Date |

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Singleton, Darryl W.        23957-111        4B-122    USP Victorville
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A- INMATE REQUEST -: I am requesting BOP to mandate all of my Santa Clara County Sentences—as a part of my current term of confinement—which is authorized in BOP policy Statement # 5100.08-Section-: "Security Designation Procedures For New Commitments-paragraph(f). I am requesting this to be done for sentence execution purposes, because I am in disagreement with how my sentence is being carried out. If the BOP grants this request, then I will definately receive an earlier release date and lesser security points — as an automatic authorized effect.

4-18-2022
   DATE                                          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
APR 2 5 2022
By_____

_____                              WARDEN OR REGIONAL DIRECTOR
   DATE

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                 CASE NUMBER: 1118053-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                              CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        ⊛                        RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP-229(13)
   DATE                                                                                  APRIL 1982

**Request for Administrative Remedy**
**Case No.: 1118053-F1**

This is in response to your Request for Administrative Remedy, received in this office on April 25, 2022. In your request, you want the BOP to mandate your Santa Clara County sentences as part of your Bureau of Prisons confinement. As relief, you request to have your jail credit updated to receive an earlier release date.

Investigation into your claim by DSCC has revealed that you were in continuous custody in local jail serving your sentence, according to California DOC you over served on your state sentence. State end of sentence was 7-26-2018 and your Federal credit was applied from 7-27-2018. You were not in custody 09-02-2015.

Accordingly, this response to your Request for Administrative Remedy is for informational purposes only. If you are not satisfied with this response, you may appeal to the Western Regional Director. Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219, within twenty (20) calendar days from the date of this response.

_____          _____
B. Lammer, Complex Warden                 Date

Case 6:24-cv-00153-SB-PVC   Document 1   Filed 01/19/24   Page 24 of 64   Page ID #:24

A Copy of my completed BP-229(13) is included - with Warden response - Case number # 1118053-R,

**U.S. Department of Justice** Do not correspond to P.O. Box 5400!   **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons Send all correspondences directly to me at: P.O. Box 3900, Adelanto, CA 92301 ~ (Legal Mai

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Singleton, Damari. W          23957-111          6B-122          USP Victorville
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL -:** The Warden and the Case Management Coordinator has failed to treat my Santa Clara County/State terms of imprisonment as a "single aggregate term" to my current Federal confinement - as mandated in 18 USC 3584(c) and BOP policy Statement #5100.08 - Section. "Security Designation Procedures For New Commitments paragraph (f). This failure has resulted into the continuous unlawful placement of "history security point for my Santa Clara County State convictions - which exceeds the BOP's statutory authority to classify. Secondly, stemming from the above failure, the Warden of USP Victorville has also failed to realize that the California Department of Corrections & Rehabilitation administration - only gave me custody credit from April 2016 to - August 2017 which was my release month/year for my Santa Clara county State convictions. That failure also, has resulted in the miscalculation of my prior custody credi under 18 USC 3585(b)(2). Both of these failures are contrary to established Federal law.

5-13-2022
DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAY 23 2022

WESTERN REGIONAL OFFICE

_____          _____
DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1118053-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

FPI-PEPR          PRINTED ON RECYCLED PAPER                    BP-230(13)
JUNE 2002

1118053-R1
USP Victorville

This is in response to your Regional Administrative Remedy Appeal of the Warden's decision dated May 11, 2022, wherein you seek jail credit for time served towards your current sentence. Specifically, you state you should receive credit for time served in Santa Clara County. You further contest your criminal history security points.

A thorough review of your case was conducted. We agree with the Warden's response based on the facts provided to us. The Designation Sentence and Computation Center (DSCC) audited and calculated your federal sentence based on compiled data. The source documents reviewed includes, but not limited to, Court Orders, state and federal judgments, Individual Custody and Detention Reports (USM-129), records relating to your state sentence and jail credit, and Pre-Sentence Investigation Reports (PSR). Pursuant to Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), (CN-03), section c. Prior Custody Time Credit states, "Statutory Authority: Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" You are not eligible to receive time served in this case as the federal judgment, case number CR-16-00518-001 BLF, indicates your sentence shall begin September 10, 2019. While conducting the investigation and requesting input from the DSCC, we found you were appropriately awarded a total of 864 days of jail credit from the time served during the following dates: December 9, 2015, through January 12, 2016; April 15, 2016, through April 19, 2016; and July 27, 2018, through October 27, 2020. Based on the above, we conclude DSCC calculated your federal sentence correctly and your calculated projected release date of May 15, 2033, correct.

Insofar as you claim you are classified with inappropriate criminal history points, we find your PSR line 62 indicates you are classified with a total of 10 points. As such, the Bureau of Prisons applies a total of 8 points towards your Male Custody Classification Score. In review of your points, we find no concerns with your classification in this category.

Therefore, your request for Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the  General Counsel's Office within 30 calendar days of the date of this response.

8|8|22
_____
Date

_____
M. Rios, Regional Director

Original

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Singleton, Damari, W        23957-111        6R-122        USP Victorville
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A - REASON FOR APPEAL - : I am proceeding with this BP-231(13) application, because your Western Reigonal Office has failed in responding to my completely filed and accepted BP-230(13) at the mandated time - which was filed and accepted on 5-23-2022-Case Number:"118053-R1". Nor has your Western Reigonal Office given me a notice of response extension thereto. Nevertheless, I have enclosed a copy of my completed BP-229(13)-Case Number:"118053-F1". So, the first reason why I have filed this Central Office Appeal - is because USP Victorville has incorrectly applied my jail custody credit, due to a misinformed belief that my State Sentence ended on 7-26-2018. That is not true because my State prison sentence was fulfilled in August 2017, which was also my scheduled parole date. Therefore, my Federal custody credit should had been applied from August 2017, not 7-27-2018. My Second reason for appeal is that USP Victorville has failed to realize that DSCC acted contrary to established Federal law 18USC 3584(c), because, DSCC included my Santa Clara County convictions into the accumulation of my BOP "criminal history" and "history of violence" custody security points. BOP Policy Statement #5100.08 "the Custody Classification Procedures-paragraph(F)-mandates that BOP will not assign any history points" for State offenses that are a part of the current term of confinement.

6-24-2022        BOP exceeded its Statutory authority
DATE        during classification of me.        SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED

JUL 05 2022

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

OCT 5 2022

Administrative Remedy Section
Federal Bureau of Prisons

_____        GENERAL COUNSEL,
DATE        CASE NUMBER: 118053-A1

ORIGINAL: RETURN TO INMATE

Part C - RECEIPT        CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____        _____
DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Original

**Administrative Remedy No. 1118053-A2**
**Part B - Response**


This is in response to your Central Office Administrative Remedy
Appeal, wherein you state your federal jail credit has been
computed incorrectly.  Specifically, you allege your state
sentence ended and your jail credit should begin in August of
2017.  You further claim your criminal history and history of
violence points were inaccurately calculated.  For relief, you
request this matter be corrected.

A review of your file reveals on December 9, 2015, you were
arrested by Roseville Police Department, in Roseville,
California, for Vehicle Theft in Case No. 54689.  You were
released from custody on January 12, 2016.  This case was later
dismissed.  On April 15, 2016, you were arrested by San Leandro,
Police Department in San Leandro, California, for Embezzle
Leased/Rented Vehicle and on April 19, 2016, you were charged
with multiple offenses including Burglary, in Santa Clara
County, California.  On November 16, 2016, you sentenced in
Santa Clara Superior Court Case Nos. C1485673 and B1579481, to a
term of 2-years and 8-months imprisonment.  Your charges in
San Leandro, California, were dismissed.

On December 15, 2016, you were indicted in the United States
District Court for the Northern District of California, Case No.
CR-16-00518-001 BLF.  On September 10, 2019, you were sentenced
to a term of 210-months confinement for Sex Trafficking of
Children.  The Court was silent regarding how this term should
run in relation to your California state term.  Following
sentencing, you were appropriately returned to state
authorities.  On October 28, 2020, you were released from your
California obligation and entered exclusive federal custody for
commencement of your federal sentence in accordance with Title
18 U.S.C. § 3585(a).

Title 18 U.S.C. § 3585(b) and Program Statement 5880.28,
Sentence Computation Manual (CCCA of 1984), states in part, "A
defendant shall be given credit toward the service of a term of
imprisonment for any time he has spent in official detention
prior to the date the sentence commences as a result of any
other charge for which the defendant was arrested after the
commission of the offense for which the sentence was imposed
**that has not been credited against another sentence**."  According
to staff from the California Department of Corrections and
Rehabilitation (CDCR), although you were released from CDCR on

**Administrative Remedy No. 1118053-A2**
**Part B - Response**
**Page 2**

October 27, 2020, your time in custody exceeded your 2-year and
8-month term.  Because your term would have expired on
April 22, 2018, you received jail credit from April 23, 2018
through October 27, 2020.

Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of
1984)</u>, and the provisions of Title 18 U.S.C. § 3585(a), a
sentence to a term of imprisonment commences on the date the
defendant is received in custody awaiting transportation to, or
arrives voluntarily to commence service at, the official
detention facility at which the sentence is to be served.  As a
result, your federal sentence commenced October 28, 2020, the
date you were released to federal custody.

In addition, your classification score has been reviewed
pursuant to Program Statement 5100.08, <u>Inmate Security
Designation and Custody Classification</u>, and no inaccuracies have
been found.

Your sentence has been computed as directed by federal statute
and Bureau of Prisons Program Statement 5880.28, <u>Sentence
Computation Manual (CCCA of 1984)</u>.

Accordingly, your appeal has been denied.


11-22-2022

Date                              Ian. Connors, Administrator
                                  National Inmate Appeals

Original

```
  VIPGH          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    02-15-2023
  PAGE 002 OF 002 *              SANITIZED FORMAT              *    13:40:50

  REMEDY-ID      SUBJ1/SUBJ2    -------------------ABSTRACT-------------------
                 RCV-OFC        RCV-FACL      DATE-RCV      STATUS    STATUS-DATE

  1087807-F1     31ZM/          CLASSIFICATION
                 VIP            VIP           07-14-2021    REJ       07-14-2021

  1093110-F1     10ZM/          TRANSFER REQUEST
                 VIP            VIP           09-02-2021    REJ       09-02-2021

  1093110-F2     10ZM/          TRANSFER - MISCLASSIFICATION
                 VIP            VIP           09-13-2021    CLD       10-04-2021

  1096400-F1     31ZM/          CUSTODY CLASSIFICATION
                 VIP            VIP           10-01-2021    REJ       10-01-2021

  1093110-R1     10ZM/          TRANSFER - MISCLASSIFICATION
                 WXR            VIP           11-15-2021    REJ       11-15-2021

  1093110-A1     10ZM/          TRANSFER - MISCLASSIFICATION
                 BOP            VIP           01-05-2022    REJ       01-20-2022

  1118053-F1     30ZM/          JAIL CREDIT- SANTA CLARA COUNTY
                 VIP            VIP           04-25-2022    CLO       05-11-2022

  1118053-R1     30ZM/          JAIL CREDIT- SANTA CLARA COUNTY
                 WXR            VIP           05-23-2022    CLD       08-08-2022

  1125078-F1     27CM/          DENTAL CARE
                 VIP            VIP           06-30-2022    CLO       08-11-2022

  1118053-A1     30ZM/          JAIL CREDIT- SANTA CLARA COUNTY
                 BOP            VIP           07-05-2022    REJ       07-29-2022

  1128032-F1     26AM/          MEDICAL
                 VIP            VIP           07-26-2022    CLO       09-28-2022

  1118053-A2     30AM/          JAIL CREDIT- SANTA CLARA COUNTY
                 BOP            VIP           10-05-2022    CLD       11-22-2022

  1144984-F1     26AM/          MEDICAL ACCESS
                 VIP            VIP           12-15-2022    CLO       02-06-2023
```

← Misclassification Claims Also

*These 10 circled administrative remedies are all notices regarding my USP Victorville unlawful confinement.*

*All notices regarding the violation of 18 USC 3584(c) and BOP policy Statement #5100-08.*

```
               13 REMEDY SUBMISSION(S) SELECTED
  G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

*※ Plus, there are a barrage of emails on file thereto.*

*※ In addition, there are a few more new recent administrative remedy request that I filed which are not listed here, but are in regards to my USP Victorville misclassification status.*

VIX 1330.18b
September 16, 2015
Page 4


S/nJacLs
custody

## REQUEST FOR ADMINISTRATIVE REMEDY
### INFORMAL RESOLUTION

**INSTITUTION (CIRCLE ONE)** FCI I   FCI II   (USP)   CAMP

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: I am currently misclassified as High Security when in actuality I have low security custody classification points. If (DSCC) would not have mistakenly included my Santa Clara County convictions into my points accumulation, I would have not been designated to U.S.P Victorville. SEE B.O.P Policy Statement #5100.08 - New Commitment Designation Procedure (F) Please send me to a low security institution which is where I am suppose to be.

2. Efforts you have made to informally resolve: I have written B.O.P western regional office regarding this issue, I have discussed this with unit manager Mr. Cueva, and I also brought this to the attention of my case manager Mr. Amezcua.

_____   23957-111   6-10-2021
Inmate's Name/Signature        Reg. No.        Date

**************************************************

**FOR STAFF USE ONLY**

| 08-10-21" | 08-24-21 | | |
|---|---|---|---|
| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |

Steps taken to resolve complaint and conclusion: A review of your custody classification was conducted and reveals you were scored appropriately by DSCC. After 6 months you will be scored again and your point total could change.

_____   6-25-21
Counselor Signature        Date

Unit Manager's Comments: You will be rescored again in/around Nov. 2021, after 6 months.

_____   08-25-21
Unit Manager Signature        Date

RECEIVED
OCT 01 2021
109 6400-F1

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

# Proof Of Service

Case No: 1093110-F1

I inmate Devon Flanagan #25708-111, residing at U.S.P Victorville certify that on the evening of 10-15-2021, served an original copy of Damari Singletons (B.P.#10) upon: "F.B.O.P Western Reigonal Administrative Remedy Coordinator-7338 Shoreline Drive, Stockton, CA 95219. This B.P.#10 is regarding Damaris mis-accumalation of his custody classification security points. The contents consisted of the following:

1)- An original blue copy of Damaris B.P.#9, with a white copy of his B.P.#8, and the response to his B.P.#9. All of that is considered his B.P.#9 and attachments thereto.

2)- An original yellow copy of Damaris B.P.#10, with an excerpt copy of B.O.P policy statement #5100.08-Section-: "Security Designation Procedures For New Commitments paragraph (F)." A total of 4 copies of this attachment included as mandated by B.P.#10

Specifically, I enclosed all the documents listed above in a large manilla envelope and then handed it to correctional officer: L6B Unit Manager R. Cueva for delivery through USP Victorville US postal mail service. *-I declare under penalty of perjury through the laws of the United States, that the foregoing is true and correct to the best of my Knowledge.

10-15-2021
DATE

De'VON FlANAGAN #25708-11
Devon Flanagan Signature

Requester: Damari Singleton. REG NO. 23957-111

**REQUEST FOR ADMINISTRATIVE REMEDY - B.P-9.**
**CASE NO: 1093110-F2**

Your Request for Administrative Remedy dated August 30, 2021 was received in this office on September 13, 2021.  Specifically, you are asking for an immediate transfer to an FCI due to DSCC misclassifying your custody classification points.

A review of your custody classification was conducted, and it was found to be accurate. An examination of your custody classification shows you have three Public Safety Factors (PSF) for Greatest Severity, Sentence Length and a Moderate level detainer. All three PSF's are appropriate due to various reasons such as, sentence length, criminal history and severity.  As a result, DSCC scored you with 31 points. Your next Custody Classification is scheduled for November 05, 2021. During this review the Unit Team will formally review your Custody Classification, however at this moment you are appropriately scored as a high security inmate.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this response, you may appeal to the Western Regional Director.  Your appeal must be received by the Regional Administrative Remedy Coordinator, Federal Bureau of Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton, CA 95219, within twenty (20) calendar days from the date of this response.

_____
T. Jusino, Acting Complex Warden

10/4/2021
_____
Date

U.S.P Victorville

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Singleton, Damari, W**          **23957-111**      **6B-122**    **U.S.P Victorville**
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** U.S.P Victorville continuously keeps trying to prevent the successful progress of my misclassification claim. Specifically U.S.P Victorville refuses to respond to the actual merits of my misclassification claim which is based on the fact that DSCC accidentally included my Santa Clara County convictions into the accumulation of my custody classification (POINTS). If it wasn't for this mistake, I would not have "31 points", I would have F.C.I points. The reason why I shouldn't had received "any history points" for all my Santa Clara County convictions is because they all are a part of my "current term of confinement" as mandated in B.O.P policy statement # 5100.08- section "Security Designation Procedures For New Commitments" SEE Policy Attachment. Furthermore, I do not have any management variables placed on me to make my confinement at U.S.P Victorville lawful. Last but not least, none of my public safety factors prevent me being placed at a low or medium F.C.I. I am completely aware that criminal history is scored based on the individuals entire criminal record of convictions. But in light of B.O.P's Security Designation Procedures For New Commitments paragraph(s), my misclassification claim prevails. I look forward into filing a B-P-11, then a civil suit for declaratory relief, mandamus and reparations if your establishment continues to corruptedly impede my undisputable claim.

**10-13-2021**                    This Will Not Go Away                           _(signature)_
DATE                                                                      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 15 2021

WESTERN REGIONAL OFFICE

_____ DATE
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____ DATE                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

REGIONAL DIRECTOR

CASE NUMBER: _1095960719_

CASE NUMBER: _1093711_

_1093710-R_

FPI-PEPR

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

U.S. Department of Justice

**Original**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Singleton, Damari, W    23957-111    6B    USP Victorville
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** On 10-4-2021, I received a response back from B.P-9 Case N 1093110-F2. On 10-15-2021, I officially filed a B.P-10 with the BOP Western Reigonal Director thereto. As of today- 11-20-2021, I still have not recieved a response back for my B.P-10. Since 10-1-2021, USP Victorville has been on a 24 hour lockdown therefore I have not been able to make a copy to my completed B.P-9 therefore you wont be receiving it. The reason I am filing this appeal is because my Custody Classification points are incorrect. BOP policy statement # 5100-08-Section-: "Security Designation Procedures for New Commitments-paragraph(f)"- mandates that no history points will be included for State Offenses that are considered a part of the current term of confinement". Therefore, all 3 of my Santa Clara County convictions should not had received any history points, but they did. This mistake has lead to the misaccumalation of my custody security points. I am requesting your office to please fix this mistake. I will soon proceed with this matter into Federal Court.

11-20-2021     If not fixed in 40 Days.
DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JAN 05 2022

Administrative Remedy Section
Federal Bureau of Prisons

---

DATE

FIRST COPY: WASHINGTON FILE COPY

GENERAL COUNSEL

CASE NUMBER: 1093110

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

---

DATE                         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                     BP-231(13)
                                                                    JUNE 2002

U.S. DEPARTMENT OF JUSTICE                                          **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Singleton, Damari, W          23957-III          6B          Victorville
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT         INSTITUTION

**Part A– INMATE REQUEST** Everytime that I file a B.P.#9 regarding my custody misclassification status (with supporting authoritative documents attached) it never gets filed by my unit team. I was informed by a member of my unit team that this injustice keeps on occurring because your institution is intentionally trying to impede me from prevailing on my extremely apparent undisputable misclassification claim. This issue is obviously so sensitive to someone in my unit team which is causing him to obstruct justice so I have chosen to file this B.P.#9 directly to the Warden by hand delivery submission. I am requesting your institution to seek a reduction of my custody classification points by subtracting all points that came from my Santa Clara County (State Sentences) because they are a part of my current term of confinment as stated in B.O.P Policy Statement #5100.08(f) SEE B.O.P POLICY STATEMENT #5100.08(f) Excerpt Attachments.

  9-22-2021
         DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

La
I
c
m
an

[stamp: RECEIVED OCT 01 2021 By_____]

_____                          _____
     DATE                                   WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*
**FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**          CASE NUMBER: 1096400–F1

                                                             CASE NUMBER: _____
**Part C– RECEIPT**
Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT        INSTITUTION
SUBJECT: _____

_____                  ♺                  _____
     DATE                  PRINTED ON RECYCLED PAPER      RECIPIENT'S SIGNATURE (STAFF MEMBER)
                                                                              BP-229(13)
                                                                              APRIL 1982

Original

**U.S. DEPARTMENT OF JUSTICE**                                   **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Singleton, Damari, W          23957-111       6B       U.S.P Victorville
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT          INSTITUTION

**Part A- INMATE REQUEST** On 6-10-2021, I submitted a B.P#8 with unit 6B counselor
Mr. Prieto. This B.P#8 consist of 9 pages including the official B.P#8 application form.
Also, this B.P#8 has been attached to this B.P#9 application, in its entire original
form. On 6-10-2021 my B.P#8 was officially officially filed. On 6-25-2021,
Mr. Prieto and 6B Unit Manager Mr. Cueva responded back to my B.P#8
through complete equivocation. However, I do not blame these two officialls
because I am completely aware that they were just following "secret" bureaucrat
policy. It is highly important that your department evaluates the actual merits
to my B.P#8 because it is a fact that I am currently misclassified and not
suppose to be housed here at U.S.P Victorville. I am a big liability. See my B.P#
"Supplement" for more details. Send Me To a Low F.C.I ASAP.

6-30-2021          3 page attachment included.          [signature]
   DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JUL 1 4 2021
By

_____                    _____
        DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 1087807-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                  CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT       INSTITUTION

SUBJECT: _____

_____           _____
        DATE                       RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

# Request For Administrative Remedy Supplement

## ~(Overview)~

In April 2016, I was booked into the Santa Clara County Jail for 3 seperate State cases and the Federal warrant case to which I am now in custody on, here at U.S.P Victorville. I have been in continous custody since April 2016 which means I have been incarcerated for 5.2 years straight. On April-21-2016, I got convicted in the Santa Clara County Superior court for "driving while license suspended" - case# C1521534. In my P.S.R, I was given ±1 point for this conviction. On 11-16-2016, I got convicted for two seperate cases in the Santa Clara County superior court. One of those cases is "Burglary"-case# B1579481. I received ±3 points in my P.S.R for this Burglary case. The second case was for "Inflicting Corporal Injury On Spouse" - case# C1485673. I also received ±3 points in my P.S.R for this case too. That is a grand total of 7 criminal history points in my P.S.R, for my Santa Clara County convictions. As stated on page 4 paragraph 5 of my P.S.R, I made my initial appearance in federal court on December-15-2016 pursuant to a Federal Writ of Habeas ad Prosequendum. This is how I was transferred over into official Federal custody from the custody of Santa Clara County although I remained at the Santa Clara County Jail until being transferred to Alameda canty in April 2017 which became the new pre-trial detention center for all Federal Bay Area inmates. I never got physically released back into society after being convicted for the 3 cases in Santa Clara county listed above because I was transferred over into Federal custody. I have not been in society since April 201

RECEIVED
JUL 14 2021
By_____
4-2021-081

## ~(Points and Authorities)~

B.O.P policy statement #5100.08-Section-: "Security Designation Procedures For New Commitments;" provides full authority for this B.P#8 See my attachment for more details-(Attachment (A)) Highlighted areas are primary central authority.

B.O.P policy statement # 5100.08-Section-: "History of Violence", provides full authority substantiating that I should have never received any History of Violence points. See (Attachment (B)) for more details. Highlighted areas in all attachments are primary centers of authority.

RECEIVED
JUL 1 4 2021
108307-F1
By_____

## ~(Conclusion)~

It is evidently clear that none of my Santa Clara county convictions should have received any custody classification points whatsoever. It is true that D.S.C.C can consider these convictions in other areas of the classification system, however, it is mandated by B.O.P policy and procedures that I shall not receive any custody classification (points) for those convictions. This mistake boosted me to High security, when in actuality, I have low security custody classification points. Due to the aforementioned factors, it is the duty of U.S.P Victorville superiors to not be negligent regarding this serious misclassification error and to immediately transport me to a low security institution.

Truthfully,

Damari W. Singleton

B.P#9                    B.P#9                    Original                    B.P#9
                                                                            1 of 3

# Request for Administrative Remed

~~Attachment Copy (3)~~
              ~(Supplement)~

RECEIVED
JUL 1 4 2021
1087807-F1
By

I would like to inform your department that it has been brought to my attention by members of your bureau that your administration here at U.S.P Victorville has an unlawful "secret policy" that automatically denies legitimate misclassification claims such as mine. Now I do not know how true that is, but, I find it extremely strange that my unit team was not able to resolve my undisputable claim of misclassification at the B.P#8 level. The response that I received back to my B.P#8 from counselor Prieto is totally evasive from the undisputable merits clearly asserted in my claim. Furthermore, Mr. Prietos response stated that DSCC scored me appropriately when all B.O.P policies and surrounding facts clearly prove the contrary.   That is very suspicious. I am very aware fully that custody classification criminal history is scored based on the individuals entire criminal record of convictions and any convictions can carry weight into your custody classification.

However, in light of the "Security Designation for New Commitments - paragraph (f) which can be found in B.O.P policy statement #5100.08; no history points should have been included for my Santa Clara County convictions. See attachment (A) of my B.P#8 which is an official copy of B.O.P's Security Designation Procedures for New Commitments), paragraph (f) is the controlling authority. I have no management variables which would be needed to keep me at U.S.P Victorville when my criminal history points are corrected - SEE B.P#9 attachment (A). Also, none of my public safety factors mandate U.S.P High security status. I re-assert all my authorities, facts, and points that are listed in my B.P#8 and request your department to either grant my

~(Conclusion)~

RECEIVED
JUL 1 4 2021
By 1087807-FI

I understand there may be unlawful secret policies in effect that your department is going by which force me to filing this B.P#9. Or maybe that is not the case. I am just speaking of a possibility that was told to me by people in your administration. So please do not feel offended by me for that statement because it does not belong to me. However, I would like you office to know that your misclassification error has been causing me severe emotional distress and mental trauma which is documented by your psychology department. Not only will I pay my private attorney to seek a civil injunction court order to correct this misclassification error, if I am force to exhaust all my administrative remedies; but I will also seek monetary damages for my pain, suffering, and physical injuries that occurred here at U.S.P Victorville while in misclassification. I sincerely do not want to be a problem for your prison and would just like to be given my due justice by being transported to the low security institution that I am suppose to be at, peacefully, without any further litigations. Although I have strong grounds for a civil suit and am anticipating on filing a suit on those grounds with my private attorney; I am willing to drop all future planned litigations against your prison if my points are corrected. D.O.J, B.O.P, and I ultimately share the common interest in resolving this matter justly because I am currently a big liability. You may feel free to contact my private attorney Steven F. Gruel on his cellular number at 415-533-6973 if you have any legal questions pertaining to this matter, because he will be the attorney proceeding with a civil lawsuit if my B.P#9 is denied. Thank you kindly for at least reading my supplement.

Truthfully,

VIX 1330.18b
September 16, 2015
Page 4

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION

ML
11·2·22

**INSTITUTION (CIRCLE ONE) FCI I   FCI II  (USP)  CAMP**

**NOTICE TO INMATE:** Be advised that before filing a Request for Administrative Remedy form BP-229 (except as provided in §542.13(b)), you shall attempt to informally resolve your complaint through your Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State names of staff contacted.

1. Complaint and resolution you expect: I am requesting this B.P.8 to be copy forwarded to CMC Ms. Langel, - to serve as an official notice of awareness that I have filed a complaint in belief that I have been misclassified in violation of 18 USC 3584(c) and BOP policy statement #5100.08-section-"Security designation procedures for new commitments"- paragraph(f). All I want is confirmation directly from Ms. Langel - confirming she received this complaint

2. Efforts you have made to informally resolve: I've sent numerous emails to Ms. Langel regarding this complaint but no responses were given.

Damari Singleton /D*   _____   23957-III   9-28-2022
Inmate's Name/Signature         Reg. No.          Date

*************************************************************************

| FOR STAFF USE ONLY | | | |
|---|---|---|---|
| Date Form Issued | Date Form Returned | BP-9 Issued | BP-9 Returned |

Steps taken to resolve complaint and conclusion: _NO_ _rcSponsc_

_____

_____

ML   12·6·22
Counselor Signature       Date

Unit Manager's Comments: No response _____

ll   12·6·22
Unit Manager Signature       Date

**Distribution:** If complaint is **NOT** informally resolved - Forward this original form attached to BP-9 Form to the Administrative Remedy Clerk.

(28 USC 2241 Supplemental)

# EXHIBIT   H

BOP Policy Statement #5100.08 Excerpt          Original

( SECURITY DESIGNATION PROCEDURES FOR NEW COMMITMENTS )

The Designation and Sentence Computation Center will ordinarily complete the initial designation within three working days of receiving all the necessary documentation from the U.S. Marshals Service (USMS) and the U.S. Probation Officer (USPO) which includes the following: the Presentence Investigation Report (PSR), Judgment, Statement of Reasons (SOR), and Central Inmate Monitoring (CIM) documentation (in cases where a CIM assignment is necessary).

The DSCC will refer all requests for initial designation with potential medical/mental health concerns to the Office of Medical Designations and Transfers (OMDT), Health Services Division, Washington, D.C. no later than the following work day.

1. DESIGNATION PROCEDURES

The following is the normal chronology of an initial

designation. a.   The inmate is sentenced.

b.   The Clerk of the Court transmits the Judgment and Commitment Order (old law cases) or Judgment in a Criminal Case (new law cases) to the USMS.

c.   The USMS makes a request to the DSCC advising that the inmate is now ready for designation to a facility.

d. If it has not already been provided, DSCC staff must contact the necessary officials (USPO or USMS) for the following:

two copies of the PSR, a copy of the Judgment, to include the SOR, and the Individual Custody and Detention Report (USM-129).

If the SOR is not provided with the Judgment, DSCC staff will make a reasonable effort to obtain a copy by contacting the Court or USPO.                          If no SOR was prepared for the case or cannot be obtained, DSCC staff will note this in the "Remarks" section of the BP-337 and

pro

**1**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

23957111

BOP Policy Statement #5100.08 Excerpt   Original

JUL 1 4 2021
1087807-F1
By these

proceed with the designation process.
procedures will ensure the Bureau is following the intentions of the Court when designating a facility, as the SOR may contain information which overrides the PSR and may affect scoring decisions.

a non-federal facility should be designated.  If a PSR has not been prepared, DSCC staff will complete a National Crime Information Center (NCIC) and National Law Enforcement Telecommunication System (NLETS) criminal history check to obtain background information.          DSCC staff will then load appropriate information on the SENTRY Update Security Designation screen with a notation that no PSR was available. DSCC staff will contact

the USPO and request that a Postsentence Investigation Report be

prepared, and forwarded to the designated facility.  DSCC staff will document this contact on the SENTRY Update Security Designation Screen.

Frequently, in cases involving Reentry after Deportation, Presentence/Postsentence Investigation Reports are not prepared. In those particular cases, a Magistrate Information Sheet may be used.          A Magistrate Information Sheet is a document prepared by U.S. law enforcement officials.  This document contains a summary of the facts related to the defendant's arrest and prior criminal/personal history.    This information is primarily

obtained through the arresting officer's report, the FBI Rap

Sheet and an interview with the defendant.

If more than six months has elapsed since the PSR was prepared, DSCC staff will contact the USPO to determine if there is any new or significant information that should be considered.  If the offender was a study case before final sentencing, DSCC staff

will take into consideration the results of that study in completing the designation request.  The result of the study may be obtained from a PSR, a summary report, or any other information available.

If offense or background information is not available prior

pro

**2**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

23957111

Excerpt from BOP policy or statement 45100-08 - Inmate Security Designation Procedures for Inmate Original

to designation, an inmate must be designated to at least a
Low security level institution.   When information is
obtained, the institution may request redesignation, if
appropriate.

e.  The DSCC uses classification material and SENTRY to
determine if Central Inmate Monitoring (CIM) precautions need
to be taken.      This includes a name search to determine if
the offender was previously confined under the current or
previous register number.              If new to the Bureau,
the inmate must be loaded into SENTRY and "admitted" to the
DSCC "facility," with any appropriate CIM assignment(s)
entered.   DSCC staff will identify the documents used to
support CIM assignments and forward the documents to the
designated institution.

f.  DSCC staff will complete and enter into SENTRY an Inmate
Load and Security Designation form (BP-337) on all cases with
terms exceeding 30 days.   The DSCC staff member loading the
data has the discretion to complete a hard copy version or may
enter the information directly into SENTRY.

DSCC staff must determine if there is a break in custody when
the inmate is transferring to federal custody after service of
a

state sentence.   The DSCC usually has access to this type of

information for jail credit purposes.   If there is no physical
release from custody, DSCC staff will consider the state
offense as part of the current term of confinement for
classification purposes and will not assign any history points
for the state offense.

Controlling                                    Authority

This Paragraph(f.) is an incorporation of 18USC 3584(c).



RECEIVED
JUL 1 4 2021
1087807-F1
By

pro

**3**

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2395711

BOP Policy Statement #5100.08 Excerpt        Original

9.  HISTORY OF VIOLENCE

| 9. | HISTORY OF | | NONE | >15 | YEARS | 10-15 | YEARS | 5-10 | YEARS | <5 YEARS |
|---|---|---|---|---|---|---|---|---|---|---|
| | VIOLENCE | MINOR | 0 | | 1 | | 1 | | 3 | 5 |
| | | SERIOUS | 0 | | 2 | | 4 | | 6 | 7 |

Enter the appropriate number of points that reflect any history of violence, considering only those acts for which there are documented findings of guilt (i.e., DHO, Court, Parole, Mandatory Release, or Supervised Release Violation).  This item includes

the individual's entire background of criminal violence,

(excluding the current term of confinement.)

Exception:  Any institution disciplinary hearing (UDC or DHO) finding that a prohibited act was committed during the current term of confinement will be scored as a history item.  DSCC staff must review the Chronological Disciplinary Record (CDR) for inmates who were previously housed in a federal institution or contract facility.        Any violent act(s) reflected on the CDR must be scored as a history item.           State disciplinary findings must be scored unless there is documentation that the state disciplinary proceedings did not afford due process protection to the inmate.

Severity of violence is determined by the offense behavior regardless of the conviction/finding of guilt offense. History of Violence points combine both seriousness and recency of prior violent incidents to assess the propensity for future violence. Therefore, if there is more than one incident of violence, score the combination of seriousness and recency that yields the highest point score.      (Prior periods of incarceration will be

considered a "history" item if the inmate was physically released)

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**1**



proj

23957111

BOP Policy Statement #5100.08 Excerpt     Original

## 9. HISTORY OF VIOLENCE

| 9. HISTORY OF | | NONE | >15 YEARS | 10-15 YEARS | 5-10 YEARS | <5 YEARS |
|---|---|---|---|---|---|---|
| VIOLENCE | MINOR | 0 | 1 | 1 | 3 | 5 |
| SERIOUS | | 0 | 2 | 4 | 6 | 7 |

Enter the appropriate number of points that reflect any history of violence, considering only those acts for which there are documented findings of guilt (i.e., DHO, Court, Parole, Mandatory Release, or Supervised Release Violation). ❨This item includes the individual's entire background of criminal violence, excluding the current term of confinement.❩



pro:

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

23957111

## 7. **SEVERITY OF CURRENT OFFENSE**

| 7. SEVERITY OF | **0** = LOWEST | **3** = MODERATE | **7** = | GREATEST |
|---|---|---|---|---|
| CURRENT OFFENSE | **1** = LOW MODERATE | **5** = HIGH | | |

Enter the appropriate number of points that reflect the most severe documented instant offense behavior regardless of the conviction offense. For multiple offenses, the highest score will be used in scoring the current offense. Staff will consider the offense behavior on all sentences, including federal sentences that have a future beginning date or a previous D.C. or state sentence if there was no physical release from custody.

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

pro

23957111

| 8. CRIMINAL | **0** = 0-1 | **4** = 4-6 | **8** = 10-12 |
| HISTORY SCORE | **2** = 2-3 | **6** = 7-9 | **10** = 13 + |

8a. SOURCE OF DOCUMENTED - <u>PRESENTENCE INVESTIGATION REPORT CRIMINAL HISTORY</u> - NCIC III

Enter the appropriate number of Criminal History Points(CHP). SENTRY will automatically convert the CHP to the Bureau's Criminal History Score (CHS).

The CHS is derived from the US Sentencing Guidelines Criminal History Points, as reflected in the final judgment and the SOR. If not found in either the Judgment or SOR, use the points assessed by the USPO in the PSR.

pro¦

**1**

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case 5:24-cv-00153-SB-PVC   Document 1   Filed 01/19/24   Page 50 of 64   Page ID #:50

CRIMINAL HISTORY POINTS. Criminal History Points are used to calculate the Bureau's Criminal History Score. The Criminal History Points is the calculation, as specified by the U.S. Sentencing Commission Guidelines (Guidelines Manual, Chapter 4), which assigns a numerical value based on the individuals entire criminal record of convictions.      Ordinarily, the Criminal History Points are calculated by the United States Probation Office.

CRIMINAL HISTORY SCORE (CHS). The CHS is one of the factors used to calculate the inmate's criminal security point total. The CHS is derived from the Criminal History Points whereby the Criminal History Points fall into one of six categories.

CURRENT OFFENSE. For classification purposes, the current offense is the most severe documented instant offense behavior regardless of the conviction offense.

CUSTODY CLASSIFICATION. The review process to assign a custody level based on an inmate's criminal history, instant offense, and institutional adjustment. A custody level (i.e., COMMUNITY, OUT, IN, and MAXIMUM) dictates the degree of staff supervision required for an individual inmate.

pro

**1**

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| SECURITY DESIGNATION TABLE (MALES) | | |
|---|---|---|
| INMATE SECURITY LEVEL ASSIGNMENTS BASED ON CLASSIFICATION SCORE AND PUBLIC SAFETY FACTORS | | |
| Security Point | Public Safety Factors | Inmate Security Level |
| 0 - 11 | **No Public Safety Factors** Deportable Alien Juvenile Violence Greatest Severity Offense Sex Offender Serious Telephone Abuse Threat to Government Officials Sentence Length Time remaining > 10 Yrs Time remaining > 20 Yrs Time remaining > 30 Yrs (Includes non-parolable LIFE and Death penalty cases) Serious Escape Disruptive Group Prison Disturbance | **Minimum**    Low Low    Low    Low Low Low Low    Medium High Medium    High High |
| 12 - 15 | **No Public Safety Factors** Serious Escape Sentence Length Time remaining > 20 Yrs Time remaining > 30 Yrs (Includes non-parolable LIFE and Death penalty cases) Disruptive Group Prison Disturbance | **Low** Medium Medium High High High |
| 16 - 23 | **No Public Safety Factors** Disruptive Group Prison Disturbance Sentence Length | **Medium**    High High High |
| | Time remaining > 30 Yrs (Includes non-parolable LIFE and Death penalty cases) | |
| 24 + | | **High** |

(28 USC 2241 Supplemental)

# EXHIBIT   I

```
VIPE7  606.00  *     MALE CUSTODY CLASSIFICATION FORM      *      11-28-2023
PAGE 001 OF 001                                                    09:24:17
                          (A) IDENTIFYING DATA
REG NO..: 23957-111            FORM DATE: 11-28-2023         ORG: VIP
NAME....: SINGLETON, DAMARI WILLIAM
                                      MGTV: NONE
PUB SFTY: GRT SVRTY,SEX OFFN          MVED:
                          (B) BASE SCORING
DETAINER: (0) NONE                SEVERITY.......: (7) GREATEST
MOS REL.: 74                      CRIM HIST SCORE: (08) 10 POINTS
ESCAPES.: (0) NONE                VIOLENCE.......: (6) 5-10 YRS SERIOUS
VOL SURR: (0) N/A                 AGE CATEGORY...: (4) 25 THROUGH 35
EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (1) <5 YEARS
                          (C) CUSTODY SCORING
TIME SERVED.....: (4) 26-75%     PROG PARTICIPAT: (1) AVERAGE
LIVING SKILLS...: (1) AVERAGE    TYPE DISCIP RPT: (5) NONE
FREQ DISCIP RPT.: (3) NONE       FAMILY/COMMUN..: (4) GOOD


                --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE  SEC TOTAL  SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
+26  +18     0        +26       HIGH       N/A              IN      SAME


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

(28 USC 2241 Supplement!)

# EXHIBIT J

## Chapter 1.  Sex Offender Management Programs

1.1  **Sex Offender Management Programs.**   Sex Offender Management Programs (SOMP) are provided at designated institutions to assist in the effective management of the Bureau's population of sexual offenders and to provide services that minimize this population's risk for sexual reoffense.

a.  **Population Management.**   A primary goal of **SOMP** institutions is to reduce the need to place sexual offenders in protective custody, and to create an institution climate conducive to voluntary participation in treatment.   To achieve this goal, **SOMP** institutions will maintain a significant proportion of sexual offenders in the population.

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(28 USC 2241 Supplemental)

# EXHIBIT  K

TRULINCS 23957111 - SINGLETON, DAMARI WILLIAM - Unit: VIP-F-B

-----------------------------------------------------------------------------------------------

FROM: 23957111
TO: USP Unit 6
SUBJECT: ***Request to Staff*** SINGLETON, DAMARI, Reg# 23957111, VIP-F-B
DATE: 12/04/2023 09:24:55 AM

To: Unit Manager Mr. Wilson
Inmate Work Assignment: n/a

Mr. Wilson before I left back to court earlier this year, I sent you and Mr. Strong a barrage of emails and a administrative remedy
-notifying you both that I was at my 18month mark requesting a transfer to USP Tucson due to it was closer to my new legal
residence in Silver City,New Mexico AND because it would be better for my institutional adjustment. As you should be aware I
am convicted of sex trafficking which is looked down on yards like this and I am not adjusting properly to this enviroment. This
enviroment creates a substantial risk of harm to my safety. USP Tucson is a SOMP enviroment with a large population of sex
trafficking cases. I have never had a shot and I been at USP Victorville since May 2021. Man please just look out for me bro.
Thanks in adavance!

TRULINCS 23957111 - SINGLETON, DAMARI WILLIAM - Unit: VIP-F-B

-------------------------------------------------------------------------------------------

FROM: 23957111
TO: USP Psychology Services
SUBJECT: ***Request to Staff*** SINGLETON, DAMARI, Reg# 23957111, VIP-F-B
DATE: 12/24/2022 08:06:04 PM

To: Head Of Psychology
Inmate Work Assignment: n/a

I really need your department to schedule me an appointment because my misclassification status has really been making my PTSD condition unbearable. I am not suppose to be in a USP and it is just really stressing me out to the point I am just emotionally wrecked. I have sent your department so many emails and cop outs regarding this is issue ever since I came to this institution but I never get scheduled an appointment. Why are you guys being so negligent? Don't you understand that I am diagnosed with severe PTSD and that the judge ordered the BOP to give me treatment for it. Please stop ignoring me!

TRULINCS 23957111 - SINGLETON, DAMARI WILLIAM - Unit: VIP-F-B

---------------------------------------------------------------------------------------------------------

FROM: USP CMC
TO: 23957111
SUBJECT: RE:***Inmate to Staff Message***
DATE: 10/31/2022 08:42:02 AM

Program Statement 5100.08 procedures are consistent with the statutory authority contained in 18 USC 3621, not 18 USC 3584 (c), 18 USC 3584 (c) references your convictions, not your Place of imprisonment. Per program statement 5100.08, The inmates entire background of criminal conviction excluding the current offense and institutional disciplinary findings used to assess points related to his/her history of violence and/or escape.

From: ~^! SINGLETON, ~^!DAMARI WILLIAM <23957111@inmatemessage.com>
Sent: Wednesday, October 26, 2022 9:35 PM
To: VIP-InmateToCMC (BOP) >
Subject: ***Request to Staff*** SINGLETON, DAMARI, Reg# 23957111, VIP-F-B

To: CASE MANAGEMENT COORDINATOR MS. LANGEL
Inmate Work Assignment: N/A

?
-----SINGLETON, DAMARI WILLIAM on 10/24/2022 3:01 PM wrote:

>

Hey Ms. Langel, I am just following up with you about the conversation we had about my interpretation of BOP policy statement #5100.08-specifically the section that asserts since I transferred over directly from the State to the Feds-that I will not recieve any (BOP) history points for the state offense...So I just want you to know just in case you may not be aware is that the mandate in 18 USC 3584 (c) clearly and plainly substantiate this interpretation. Also, I want you to know that my misclassification status is putting my life in undue danger and has been causing me severe emotional stress because I am afraid for my life in here.

CMC Ms. Langel sent me to the Special Housing Unit (SHU) aka "the hole", for this email. She will assert that she only done so, for my protection. But in truth, she personally told me that she was sending me to the SHU as a punishment for not backing down on my misclassification advocacy. Facts and records will tilt heavily to the latter.

**TRULINCS 23957111 - SINGLETON, DAMARI WILLIAM - Unit: VIP-F-B**

---------------------------------------------------------------------------------------------------

FROM: 23957111
TO: USP Psychology Services
SUBJECT: ***Request to Staff*** SINGLETON, DAMARI, Reg# 23957111, VIP-F-B
DATE: 03/14/2022 11:56:09 AM

To: Head of Psychology Services
Inmate Work Assignment: n/a

I have been at this prison for 9 months and every single month I have been here I have filed so many cop outs and emails requesting to be seen by your department for my PTSD condition. I even talked to you and your psychology department associates personally, several times, to which you all said you were going to see me but it never happens. My PTSD condition has been getting the best of me for the past 9 months and I don't know how much longer will I be able to take it without breaking down. Why is your department ignoring me all the time? Please help

75

(28 USC 2241 Supplemental)

# EXHIBIT

Original



**Individualized Needs Plan - Program Review** **(Inmate Copy)**          SEQUENCE: 02226861
Dept. of Justice / Federal Bureau of Prisons          Team Date: 11-28-2023
Plan is for inmate: SINGLETON, DAMARI WILLIAM  23957-111

| Assignment | Description | Start |
|---|---|---|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 05-10-2021 |
| INELIG AUT | FTC-INELIGIBLE OFF CODE - AUTO | 12-14-2020 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 11-28-2023 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 11-28-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 11-28-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 07-07-2021 |
| N-EDUC N | NEED - EDUCATION NO | 11-28-2023 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 11-28-2023 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 11-28-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 11-28-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 11-28-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 11-28-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 11-28-2023 |
| N-TRAUMA Y | NEED - TRAUMA YES | 11-28-2023 |
| N-WORK Y | NEED - WORK YES | 11-28-2023 |
| R-HI |Incorrect→| (HIGH RISK RECIDIVISM LEVEL) |Incorrect| | 11-28-2023 |

**Progress since last review**

Returned from a FED WRIT on 11-16-2023 Subject has earned his GED or high school diploma. He does not have any release identification located in his central file.

**Next Program Review Goals**

Go to Education, Psychology, Religious Services, Medical and Recreation to determine what suits your interest and meet your FSA Needs.

**Long Term Goals**

We will take 6 months to evaluate your actions before we make long term recommendations.

**RRC/HC Placement**

**Comments**

Next Program Review: 05-28-2024
BP-338 Next Update: 11-28-2024
Current Points: 26 (HIGH)

Damari W. Singleton # 23957-111
U.S. Penitentiary Victorville
P.O. Box 3900
Adelanto, CA 92301





RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 19 2024

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Central District California U.S. Court Cl
Attention: Intake/Docket Section
312 North Spring Street
Los Angeles, CA 90012

Special

