UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMARI WILLIAM SINGLETON,<br><br>Petitioner,<br><br>v.<br><br>J. DOERER, Interim Warden,[1]<br><br>Respondent. | Case No. EDCV 24-0153 SB (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the U.S. Magistrate Judge, and Petitioner's objections. After having made a de novo determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

The Court additionally addresses Petitioner's argument that it has jurisdiction over his classification designation under *Rodriguez v. Copenhaver*, 823 F.3d 1238 (9th Cir. 2016). Dkt. No. 30 at 2–3; *see Rodriguez*, 823 F.3d at 1242 ("Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to

---

[1] J. Doerer, Interim Warden of United States Penitentiary, in Victorville, California, where Petitioner was in custody when he filed his Petition, is substituted as the proper Respondent. *See* Fed. R. Civ. P. 25(d).

decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621."). Petitioner argues that the Bureau of Prisons (BOP) exceeded its statutory authority under 18 U.S.C. § 3621(b)(3) when it "failed to adequately consider [his] criminal history" by miscalculating his criminal history points. Dkt. No. 1 at 3 of 64. Section 3621(b)(3), however, only requires that the BOP consider the "history and characteristics of the prisoner" in determining the place of imprisonment and does not specifically address the calculation of a prisoner's criminal history score.

Moreover, the gravamen of Petitioner's argument is that the BOP failed to conform to BOP policy statement 5100.08, which provides the procedure for classification designations and criminal history point calculations. *See id.* at 7–8 of 64 ("BOP policy statement 5100.08 is the procedural formula of the custody classification designation discretion granted in 18 U.S.C. § 3621(b)"). Under Ninth Circuit law, however, noncompliance with a BOP program statement does not constitute a violation of federal law and therefore does not fall under the purview of *Rodriguez*. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding violation of BOP program statement is not a violation of federal law); *Fiorito v. Entzel*, No. 5:17-CV-02158-JFW-KES, 2019 WL 1446403, at *6 (C.D. Cal. Mar. 27, 2019), *report and recommendation adopted*, No. 5:17-CV-02158-JFW-KES, 2019 WL 1438067 (C.D. Cal. Mar. 29, 2019), *aff'd,* 845 F. App'x 706 (9th Cir. 2021) (distinguishing case from *Rodriguez* where Petitioner argued that BOP had violated program statement 5100.08). The Court does not have jurisdiction to consider Petitioner's arguments challenging the BOP's compliance with its own program statement.

Having adopted the Magistrate Judge's Report and Recommendation, IT IS ORDERED that (1) Petitioner's Motion to Voluntarily Dismiss Ground Two (Dkt. No. 36) is GRANTED; (2) Petitioner's Motion to Voluntarily Dismiss Preliminary Injunction Motions (Dkt. No. 37) is GRANTED; (3) the Petition is DENIED; and (4) Judgment shall be entered DISMISSING this action with prejudice. IT IS FURTHER ORDERED that

1  the Clerk serve copies of this Order and the Judgment herein on Petitioner at his current
2  address of record and on counsel for Respondent.

5  DATED:   December 2, 2024

                                                                          _____
                                                                          STANLEY BLUMENFELD, JR.
                                                                          UNITED STATES DISTRICT JUDGE